## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

| | | |
|---|---|---|
| PEDER DWAYNE HALVORSON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 5:12-5439** |
| | ) | |
| GLEN TOWING AND SALVAGE, | ) | |
| | ) | |
| **Defendant.** | ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

Pending is Plaintiff's Application to Proceed *in Forma Pauperis*, filed on September 14, 2012. (Document No. 1.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 3.) Having examined the Complaint, the undersigned concludes that this case must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) which provides that the Court shall dismiss the case of a person proceeding *in forma pauperis* at any time if the Court determines that the action fails to state a claim for which relief can be granted.[1]

### FACTUAL BACKGROUND

On September 14, 2012, Plaintiff, acting *pro se*, filed his Complaint naming Glen Towing and Salvage as the Defendant. (Document No. 2.) In his Complaint, Plaintiff alleges as follows:

My 1999 Chevy pickup blew a brake line. I had no brakes. I went to get my truck and was told State Police had a hold on it. They said there was a hold on it by State

---

[1] Because Plaintiff is acting pro se, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Police. So, I went back to get my truck. They said they lost it. I've spent over $3,000 dollars on the truck, plus 2 new rear tires ($398). Tools also in my truck. I've called and went back there several times. Sometimes a woman was working, 3 other times a man was at front. I left my phone number. They never got back to me. I seen my truck the first time. Next day they conveniently lost it. I had a lot of money into and have a picture of it.

(Id., pp. 4 - 5.) As relief, Plaintiff's requests the "moneys worth of the truck, plus court cost." (Id., p. 5.)

## ANALYSIS

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. §1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. §1332 provides that the District Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. §1332(a)(1).[2]

---

[2] Title 28, U.S.C. §1332 specifically provides:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(1) citizens of different states;

(2) citizens of a State and citizens or subjects of a foreign state . . .;

In the instant matter, Plaintiff does not allege the basis for the District Court's jurisdiction. Rule 8(a) of the Federal Rules of Civil Procedures provides that a Plaintiff must plead "a short and plain statement of the grounds for the court's jurisdiction." Fed.R.Civ. P. 8(a)(1); also see Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985)("plaintiffs must affirmatively plead the jurisdiction of the federal court"), citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). Construing Plaintiff's Complaint liberally, the undersigned will consider whether Plaintiff is alleging Section 1331 or 1332 as a basis for the Court's jurisdiction. First, the undersigned finds that Plaintiff's Complaint does not involve any question of "federal law" as to invoke jurisdiction under Section 1331. Plaintiff does not allege a violation of a federal statute or constitutional provisions. Plaintiff complains that Defendant is improperly refusing to return his 1999 Chevy pick-up.[3] Next, the Court finds that the District Court

---

       (3) citizens of different States and in which citizens or subjects of a
       foreign state are additional parties; and

       (4) a foreign state, defined in section 1603(a) of this title, as plaintiff
       and citizens of a State or of different States.


[3] Rule 8(a)(2) further requires that a Plaintiff plead "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). In Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court stated as follows:

      [T]he pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(citations omitted). Although pleadings filed by a *pro se* plaintiff are entitled to liberal construction, this "does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a

3

does not have diversity jurisdiction pursuant to Section 1332. Section 1332 requires that the amount in controversy exceeds $75,000. As relief, Plaintiff requests the "moneys worth" of his 1999 Chevy truck and court cost. Furthermore, it does not appear that Plaintiff and Defendant are "citizens of different states." Based on the foregoing, the undersigned finds that this Court lacks subject matter jurisdiction, and Plaintiff's Complaint should be dismissed.

## PROPOSAL AND RECOMMENDATION

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Plaintiff's Application to Proceed *in Forma Pauperis* (Document No. 1.), **DISMISS** Plaintiff's Complaint (Document No. 2.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have seventeen (17) days (fourteen days, filing of objections and three days, mailing/service) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

---

claim currently cognizable in a federal district court." *Drummond v. South Carolina Department of Corrections*, 2012 WL 5077575, * 3 (D.S.C. Oct. 1, 2012)(citing *Weller v. Department of Social Services*, 901 F.2d 387, 390-91 (4th Cir. 1990)).

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*, and transmit a copy to counsel of record.

Date: August 7, 2013.

R. Clarke VanDervort
United States Magistrate Judge